NATHAN FEDERGREEN, RESPONDENT, *v.* THE TOWN OF FALLSBURGH, IN THE COUNTY OF SULLIVAN, APPELLANT.

*Interest on town bonds issued in aid of a railroad — what constitutes payment by the town.*

The raising by tax and payment to the commissioners appointed to pay interest on town bonds, issued pursuant to an act authorizing the bonding of the town for railroad purposes, of the interest on such bonds, does not constitute a payment of such interest as between the town and the holders of the bonds.

Such bonds, as well as the coupons thereon, are pecuniary obligations and debts of the town.

APPEAL from a judgment in favor of the plaintiff in an action tried at the Sullivan County Circuit.

This action was brought to recover upon coupons owned by the plaintiff, which are detached from bonds which purport to have been issued pursuant to two acts of the legislature of the State of

New York, viz.: Chapter 398 of the Laws of 1866, and chapter 917 of the Laws of 1867.

After said coupons were due, and while plaintiff was the owner and holder of them, they were presented at the American Exchange National Bank, where they were made payable, for payment, and payment was refused for want of funds. No funds had been deposited in said bank for the payment of said coupons, and no money on the coupons recited in the complaint has been paid to the plaintiff, or any other holder of said coupons, and they are unpaid.

During the years of 1877 and 1878, John H. Divine and Medad T. Morss were the commissioners for the town of Fallsburgh, pursuant to the acts aforesaid, and reported to the board of supervisors of Sullivan county at the annual session in 1877, the amount required to pay the interest on all bonds issued as aforesaid, which would fall due on the first day of January and the first day of July in the year 1878, which amounted to $6,944.49; and said board of supervisors caused the same to be levied and collected from the taxable property of the town of Fallsburgh, pursuant to law, and said sum was, by the collector of said town of Fallsburgh, paid to said commissioners as follows: To Medad T. Morss $6,766.27, and to John H. Divine $178.22, before the coupons mentioned in the complaint were presented for payment as aforesaid.

*T. F. Burt*, for the appellant.

*M. H. Couch*, for the respondent.

PER CURIAM:

The argument of the learned counsel for the defendant is really based on this proposition, viz.: That the bonds and coupons constituted no debt or pecuniary obligation of the defendant, but only imposed on the defendant the single duty of once raising by taxation the money needed for payment. We do not think this proposition is sound. The bonds and coupons, on the contrary, although executed under a special, and perhaps an unwise law, are pecuniary obligations or debts of the defendant. For them, therefore, the defendant remains liable until they are paid. They have not been paid, and, therefore, the defendant is still liable.

It is because they are obligations of the defendant, that the defendant is required to raise by taxation the money for their payment. But the handing of that money to the commissioner, does not pay the obligation, any more than the receipt by a county treasurer of money raised by taxation discharges county liabilities. This is plain common sense. It is shown also by another circumstance. The defendant through its supervisor is seeking to recover back from the commissioner the very moneys which should have paid these claims, and has recovered a judgment and issued execution therefor. Suppose that execution be collected, and the supervisor should fail to pay these obligations and should misapply the money, could it still be claimed that the obligations had been discharged.

It is very possible, as held in *People* v. *Mead* (24 N. Y., 114), that a *mandamus* would be the only remedy by which this plaintiff could compel the commissioner Morss to pay over the specific money in his hands. But it does not follow from this that it is the only remedy which the plaintiff has to collect his debt. If the money had been wasted or spent by the commissioner, a *mandamus* would be of no avail. And there is no reason why the receipt of the money by the commissioner should be a payment to the creditors. The commissioner is not their agent in any respect.

The defendant insists that if these actions are sustained it will be obliged to tax itself again for a matter for which it has already laid a tax. But there is nothing peculiar or strange in this. The defendant owes these debts. The money which it raised for their payment has unfortunately not been applied to that purpose. The creditors are not to blame and the debtor must pay.

The ground on which this evil system of town bonding is to be sustained is immaterial. On whatever ground sustained the system authorized the creation of debts or obligations of the town. It is not disputed that those in question were validly created; and since they have not been paid the town owes them.

Some doubt was formerly held as to the right of creditors of a town or county to maintain a common law action for the recovery of their claims. But we think that since the legislature have so largely authorized the issue of such negotiable securities as those in

question the right of action thereon has been admitted. (*Thompson* v. *Perrine*, 103 U. S. R., 806.)

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.